## BOS v. RICHARDS.
### No. 5121.

Circuit Court of Appeals, Seventh Circuit.
May 21, 1934.

Rehearing Denied June 27, 1934.

Oscar E. Heard, Oscar E. Heard, Jr., and C. W. Middlekauff, all of Freeport, Ill., for appellant.

J. J. Ludens, of Sterling, Ill., and H. H. Waite, of Prophetstown, Ill., for appellee.

Before ALSCHULER, EVANS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

Appellee sued to recover damages occasioned by the alleged negligence of appellant. Judgment followed a verdict in appellee's favor. Appellant asks a reversal of the judgment because: (1) The court erred in the undue limitation of appellant's cross-examination of appellee. (2) The court failed to grant appellant's motion to direct a verdict.

In support of his contention that the court should have directed a verdict in his favor, appellant claims that the evidence failed to show negligence on his part and appellant's conduct was not the proximate cause of the accident; that appellee herself was guilty of negligence which contributed to the accident, the proximate cause of which was the action of the driver of the car in suddenly applying the brakes upon a slippery pavement at appellee's direction.

In our opinion the challenged rulings of the District Court limiting appellant's cross-examination of appellee as a witness were correct.

█ In regard to the contention that the court should have directed the verdict in favor of appellant, the test by which we are to determine whether the evidence presented a jury question has been many times stated by this court. New York, C. & St. L. R. Co. v. Slater (C. C. A.) 23 F.(2d) 777; Baltimore & O. R. Co. v. Tindall (C. C. A.) 47 F.(2d) 19; New York, C. & St. L. R. Co. v. Boulden (C. C. A.) 63 F.(2d) 917; National Pressure Cooker Co. v. Stroeter (C. C. A.) 50 F.(2d) 642. The rule is well stated in Gardner v. Michigan Central R. Co., 150 U. S. 349, 14 S. Ct. 140, 144, 37 L. Ed. 1107: "The question of negligence is one of law for the court only where the facts are such that all reasonable men must draw the same conclusion from them, or, in other words, a case should not be withdrawn from the jury unless the conclusion follows as matter of law that no recovery can be had upon any view which can be properly taken of the facts the evidence tends to establish."

Examining the testimony from the view most favorable to the appellee, the following facts are disclosed:

Appellant is the owner of a trucking line. On the night of February 2, 1932, his employees were operating a truck upon the hard-surfaced highway, Illinois Route 6 (U. S. 30), near Rochelle, Ill. The lights of the truck became short-circuited and went out. Appellant's servants stopped the truck, either wholly or partially, on the cement, and endeavored to repair the lights. The Illinois statutes applicable to this situation provide:

No driver of a vehicle shall stop the same on a durable, hard-surfaced highway. Smith-Hurd Rev. St. Ill. 1933, c. 121, § 161b.

During the period from one hour after sunset to sunrise, every motor vehicle standing on any road, highway or street, shall display a light to the front and to the rear. Smith-Hurd Rev. St. Ill. 1933, c. 121, § 217 (f).

There is a conflict in the evidence as to whether appellant's servants placed flares or torches before and behind the truck to warn others approaching in cars of the presence of the unlighted truck upon the highway. The truck carried flares or torches to provide against such contingencies. There is evidence that no flares or torches were lighted and placed upon the highway at least until after the accident had occurred. There was also a dispute as to the width and condition of the shoulder adjacent to the cement at the spot where the truck stopped, and as to whether the driver of the truck might have driven his truck entirely off the slab before stopping. Several witnesses testified that there was a good shoulder to the north of the pavement approximately seven feet wide and that the ground was frozen hard. Appellant's servant then sent an unknown "hitch hiker," who was riding on the truck, east on the highway with a flash-light to warn cars coming from that direction of an obstruction on the highway. Appellee and one Archer Richards, who subsequently became her husband, were going west on Route 6, in a five-passenger town sedan, at about twenty-five miles an hour, Richards driving. It was "sleeting, raining, freezing slightly, misting, changeable." About a mile, or a mile and a half before they reached the scene of the accident they had stopped, cleaned the lights and windshield, and then proceeded on their way. The car was in perfect condition. About 50 to 75 feet from the truck they saw a man with a flash-light. They did not construe his flashing of the light as a warning of the presence of the danger. They looked up, saw the truck, and appellee exclaimed, "My God, Art, stop." He turned to the left, applied the brakes, but was unable to avoid hitting the truck. Appellee sustained injuries to her face and teeth and suffered from nervous shock.

█ Where there is a conflict in the evidence as to the feasibility of driving the truck entirely off the pavement and onto the shoulder, this court is not prepared to say that as a matter of law appellant was not guilty of negligence in stopping his truck wholly or partially upon the cement. The jury might also have found upon the evidence submitted that appellant's negligence lay in not lighting the flares with which his truck was supplied and placing them at the front and rear of the truck as a warning to other cars that the highway was obstructed by the truck.

The question of proximate cause was also properly submitted to the jury. Baltimore & O. R. Co. v. Tindall (C. C. A.) 47 F.(2d) 19.

It is contended by appellant that appellee and the driver of the car in which she rode were both guilty of contributory negligence and that the negligence of the driver should be imputed to appellee. Appellant argues that the driver might have avoided the accident had he not been distracted by appellee's exclamation and that it was his act in putting on the brakes while riding on a wet pavement that caused the car to skid and hit the truck. The record discloses that appellee and Mr. Richards were riding at a reasonable rate of speed upon a paved road with which they were familiar; that immediately upon seeing the truck appellee exclaimed, "My God, Art, stop"; that the driver attempted to turn to the left and avoid the truck and also applied the brakes. The occupants of the car found themselves suddenly confronted with a grave emergency requiring them to act without deliberation as to the safest course. The question as to whether their conduct was negligent, under all of the facts and circumstances shown by the evidence, was one upon which reasonable minds might well differ, and the question was properly submitted to the jury.

The judgment is affirmed.